(No. 2098— )

Tom L. Booth, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 3, 1937.*

Clarence B. Davis, for claimant.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On the 13th day of August, A. D. 1932 claimant was a member of Troop F, 106th Cavalry, Illinois National Guard, and was on duty at Camp Grant. On said date, while in line of duty, he was struck by the front foot of a horse and was injured in the right groin and right hip, from which injury a hernia subsequently developed. Claimant was taken to the medical officer and returned to camp where hot applications were applied to his side. He remained in camp until his regiment returned to Springfield. He was then assigned to Dr. Lockie of Springfield who made an examination and found "a hernia, or the beginning of a hernia." Dr. Lockie fitted claimant with a truss, which he wore until January 1st, 1933. On January 1st, 1933 the medical board decided there was no hernia at that time. In February, 1933 claimant was called with his troop to Taylorville on riot duty and was there examined by the same doctor who, as a member of the medical board, examined him on January 1st. Upon the last examination, the doctor found that claimant had a hernia, which became strangulated while he was there on duty. Claimant was removed to the hospital at Taylorville and was operated on by the army surgeon, Captain Bitter. Claimant remained in the hospital at Taylorville four weeks, and was then returned to Springfield, where he continued under the care of Dr. Lockie for a period of seven or eight months. The operation was successful and claimant has no permanent injury. All medical and hospital bills were paid by the respondent.

Prior to the time he went to Camp Grant, claimant was working for the Illinois State Register as collector and solicitor, and was paid $23.00 or $24.00 per week. After he returned from Camp Grant, and before going to Taylorville, he attempted to procure employment in the Pillsbury Mills, where he is now working and where he could then have obtained employment at $120.00 per month, but was rejected on account of his hernia.

Claimant contends that he was totally unable to work from the time he was fitted with a truss as aforesaid, until

August 24th, 1934. The evidence indicates, however, that in six months after his operation his condition was such that he could have performed the same kind of work he performed prior to his injury.

After his operation claimant received half pay for a period of thirty days, in accordance with military regulations. After his discharge by Dr. Lockie, claimant was employed by the A. & P. stores on Saturdays for a total of approximately twenty days. Dr. Lockie died prior to the hearing herein, and the only evidence in the record is the testimony of the claimant. His testimony with reference to the time that he was totally disabled is far from satisfactory, but we must dispose of the case on the record before us.

Section 11 of Article 16 of the Military and Naval Code of this State provides as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand," etc.

There is no question but what claimant was injured in line of duty, and the only question for determination is the amount of financial help or assistance to which he is entitled as the result of the injuries so sustained by him, as shown by the evidence in the case.

Upon a consideration of all of the testimony in the record, we feel that an award of Six Hundred Ninety ($690.00) Dollars will be fair compensation for the injuries sustained.

Award is therefore entered in favor of the claimant, Tom L. Booth, for the sum of Six Hundred Ninety ($690.00) Dollars.